FILED

ARMEN GRIGORYAN, Plaintiff in Pro Se
400 ROSS ST
GLENDALE, CA 91207
PH: 818-795-7027

2011 DEC 27 PM 3:28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMEN GRIGORYAN an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CHEX SYSTEMS, INC.<br><br>Defendant. | Case No.: 2:11-CV-06107-CBM-FFM<br><br>**PLAINTIFF ARMEN GRIGORYAN'S SECOND AMENDED VERIFIED COMPLAINT FOR:**<br><br>1. **FAIR CREDIT REPORTING ACT.**<br>2. **CONSUMER CREDIT REPORTING AGENCIES ACT.**<br>3. **CALIFORNIA BUSINESS & PROFESSIONAL CODE §17200.**<br>4. **CALIFORNIA CIVIL CODE §2394.**<br><br>JURY TRIAL DEMANDED |

Now Comes Plaintiff Armen Grigoryan ("Plaintiff") and in his Second Amended Verified Complaint against Defendant Chex Systems, Inc. for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA"), California's Consumer Credit Reporting Agencies Act, California Civil Code §1785 et seq. ("CCRAA"), California Business & Professional Code §17200, and California Civil Code §2394, alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1681p, California Civil Code §1785.33, and 28 U.S.C. §1337.

2. Supplemental jurisdiction rests upon 28 U.S.C. §1367.

3. Venue is proper in this United States District Court, Central District of California because Defendant's violations alleged below occurred in the County of Los Angeles, State of California and within this District.

SECOND AMENDED VERIFIED COMPLAINT - 1

**PRIVATE RIGHT OF ACTION**

4. 15 U.S.C. §1681n and §1681o refer to consumers' ability to bring civil liability action against consumer reporting agencies and users/furnishers of information for willful and negligent noncompliance, respectively, with any provision of the FCRA.

5. California Civil Code §1785.15(f) states that consumers "have a right to bring civil action against anyone [...], who improperly obtains access to a file, knowingly or willfully misuses file data, or fails to correct inaccurate file data" concerning a consumer's credit report.

6. California Civil Code §1785.31(a) states that Plaintiff as "any consumer who suffers damages as a result of a violation of this title by any person may bring an action in a court of appropriate jurisdiction against that person to recover [damages]."

**PARTIES**

7. Plaintiff ARMEN GRIGORYAN ("Plaintiff" or "GRIGORYAN") is a resident of County of Los Angeles, State of California.

8. Defendant CHEX SYSTEMS, INC. ("Defendant" or "CHEX SYSTEMS") is a Minnesota corporation, doing business in the State of California.

9. Defendant is a consumer reporting agency, which receives negative credit information about consumers from banks and other financial institutions providing depository accounts, and which then publishes such negative information in chex systems reports available to its subscribers.

10. Plaintiff is informed and believes and on that basis alleges that Defendant CHEX SYSTEMS is responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendant or as its agents, servants, employees and/or joint venturers and as set forth in this Second Amended Verified Complaint, and that each of them are legally liable to Plaintiff, as set forth below and herein:

a. Said Officers, directors or managing agents of Defendant personally acted willfully with respect to the matters alleged in this Second Amended Verified Complaint;

b. Said Officers, directors or managing agents of Defendant personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendant did so act;

c. Said Officers, directors or managing agents of Defendant personally participated in the acts alleged herein of Defendant;

d. Said Officers, directors or managing agents of Defendant personally had close supervision of their agents, servants, employees and/or joint venturers of Defendant;

e. Said Officers, directors or managing agents of Defendant personally were familiar with the facts regarding the matters alleged herein;

f. Said Officers, directors or managing agents of Defendant personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to Plaintiff. Further, said Officers, directors, or managing agents of Defendant failed and refused to punish or discharged the said agents, servants, employees and/or joint venturers of Defendant, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendants.

g. Defendant is liable to Plaintiff for the relief prayed for in this Second Amended Verified Complaint, and any future amended complaint. Further, Plaintiff alleges that each act alleged herein, whether by a named Defendant was expressly authorized or ratified.

## GENERAL FACTS AND ALLEGATIONS

11. In or around March 2010 Plaintiff's application to a depository account was denied due to negative reporting in the chex systems report as was explained by the bank.

12. In or around March 2010 Plaintiff ordered his chex systems report to review and understand the reason for the bank's denial for an account.

13. In or around April 2010, Plaintiff received the chex systems report, dated March 29, 2010, listing two negative accounts(collectively "accounts"): an account ending in 8144 reported by JP Morgan Chase- formerly WAMU ("CHASE") and an account ending in 0645 reported by Bank of America California ("BOA").

14. On or about April 16, 2010 Plaintiff sent a letter of dispute to CHEX SYSTEMS requesting investigation into the accounts as he did not recall ever opening such accounts.

15. On or about May 10, 2010 Plaintiff received a letter from Defendant along with an updated copy of his chex systems report, informing that the "reinvestigation of [Plaintiff's] dispute regarding reported information and inquiries submitted by JP Morgan Chase has been completed" and the account was allegedly verified to be accurate and would continue to report in chex systems. Defendant further informed that the "reinvestigation of [the] dispute regarding reported information submitted by Bank of America is still in the process of being reinvestigated."

16. Based on the circumstances of the situation and through independent research, Plaintiff concluded that the accounts were not mere mix ups and were the result of fraudulent activity.

17. On or about May 25, 2010 Plaintiff filled out a fraud affidavit from the Federal Trade Commission (FTC) and on May 28, 2010 he filed a complaint with the FTC concerning the fraud.

18. On or about June 8, 2010 Plaintiff sent separate notices to CHASE and to BOA informing of the fraud, with copies of the notarized FTC fraud affidavit enclosed with each notice.

19. On or about June 8, 2010, immediately after sending his letters to CHASE and BOA, Plaintiff sent a second letter of dispute to CHEX SYSTEMS, specifically identifying the accounts reported by

CHASE and BOA as fraudulent and attaching a copy of the notarized FTC fraud affidavit. Plaintiff further informed that he has notified CHASE and BOA of the fraud and that he needs CHEX SYSTEMS to block the fraudulent accounts from his reports until the completion of the investigation and permanent deletion of the accounts.

20. On or about June 22, 2010 Plaintiff received a letter from Defendant along with an updated copy of his chex systems report, similar to that of May 10, 2010. The report reflected both accounts reporting as before, and the letter again stated that the reinvestigation of the CHASE account was complete without any changes and the reinvestigation of the BOA account was still pending.

21. Following receipt of Plaintiff's notice of fraud along with a notarized fraud affidavit, Defendant failed to block the accounts as fraudulent and conduct appropriate investigation into the matter. Defendant also failed to request any further information necessary to support or investigate the fraud claim.

22. On or about July 1, 2010 Plaintiff called CHASE to follow up on his notice of fraud. CHASE confirmed that because the account could not be located in their records, no verification concerning the fraudulent account was or could possibly be made with CHEX SYSTEMS. CHASE further informed Plaintiff that they had in fact requested that CHEX SYSTEMS deletes all references of the alleged CHASE account from chex systems reports.

23. On or about July 12, 2010 Plaintiff received a letter from Defendant along with an updated copy of his chex systems report. In the letter Defendant informed that the disputed account which had been reported by BOA could not be verified after the completion of the reinvestigation and thereby had been removed from chex systems reports; the attached copy of the report confirmed the deletion of the BOA account but still reflected the CHASE account.

24. In or around July 2010, Plaintiff was advised to review his other credit reports with the national credit reporting agencies, including Experian, TransUnion and Equifax (collectively "CRAs").

25. Through the credit review conducted with the CRAs, Plaintiff found multiple fraudulent accounts of which he did not know

SECOND AMENDED VERIFIED COMPLAINT - 5

of until then. Plaintiff informed the CRAs and the appropriate creditors of the fraud.

26. In the interim, Plaintiff waited for the deletion of the CHASE account from chex systems reports, since CHASE had confirmed that the deletion had been instructed to Defendant.

27. In or around August 2010, Plaintiff was advised to contact the Police Department and inform the authorities about the Fraud. On or about August 16, 2010 Plaintiff went to his local police station and filed an identity theft report for the fraudulent accounts found in his credit reports.

28. On or about August 2, 2010 Plaintiff ordered an updated copy of his chex systems report. Upon receipt of the updated chex systems report, dated August 9, 2010, Plaintiff learned that the fraudulent CHASE account continued to remain on the report.

29. On or about August 20, 2010 Plaintiff sent a letter to Defendant, notifying of their violations concerning the failure and/or refusal to block fraudulent information from reporting upon notice of the fraud, and failure and/or refusal to permanently delete fraudulent information reported in chex systems reports due to lack of verification and/or upon request of the furnisher (CHASE).

30. On or about August 26, 2010 Defendant responded to Plaintiff stating that his file was forwarded to the appropriate personnel for handling and if necessary reinvestigation would be conducted to confirm the accuracy of the information (CHASE account). However, immediately following the August 26 correspondence Plaintiff received another letter from Defendant, dated September 2, 2010, stating that the reinvestigation of the CHASE account is complete and the account has been, once again, verified as accurate. As requested in Defendant's letter, Plaintiff forwarded copies of the Police Report to CHEX SYSTEMS.

31. Plaintiff did not hear from Defendant for the next several months.

32. In or around January 2011, Plaintiff learned that the fraudulent CHASE account was still reflecting on chex systems reports.

33. In or around January 2011, Plaintiff went to a local CHASE branch, where one of the bankers searched the records and was unable to find the account that reports in Plaintiff's chex systems report.

34. In or around February 2011 Plaintiff obtained attorney services in hopes of finally reaching resolution to the unlawful reporting, amicably or through legal action. After the attorney's several failed attempts to resolve the situation amicably, Plaintiff decided to proceed with a case in pro se.

35. Through updated chex systems reports, Plaintiff soon learned that the previously deleted BOA account had been reinserted into chex systems reports. Defendant had failed to inform Plaintiff or present justifiable reason for making and/or allowing such reinsertion.

36. On or about July 25, 2011 Plaintiff filed his original complaint in federal court.

37. On or about August 22, 2011, upon request of Defendant's attorney, Plaintiff faxed them a copy of his FTC Fraud Affidavit and most updated copy of his police report, as he had to request a new one from the police department on a couple occasions to update omissions and new discoveries.

38. Despite Plaintiff's efforts to date, the fraudulent account still remain in chex systems reports under Plaintiff's name. Defendant has refused to delete accounts from Plaintiff's chex systems reports that were procured through identity theft. Defendant has deliberately, willfully, recklessly and negligently repeatedly failed to take reasonable actions in compliance with FCRA, CCRAA, CALIFORNIA BUSINESS & PROFESSIONAL CODE §17200, and CALIFORNIA CIVIL CODE §2394, has failed to block and to delete fraudulent/unverified credit information, has reinserted fraudulent/unverified credit information. Plaintiff has suffered damages as a result of Defendant's actions, including but not limited to the following:

    a. Actual damages arising from monetary loss and denials for new lines of credit and loans, loss of use of existing funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges and loss

of job opportunities with high salaries.

b. Out of pocket expenses associated with disputing the inaccurate credit information, which did not result in correction;

c. Emotional distress and mental anguish associated with having inaccurate, derogatory personal information transmitted about Plaintiff to other people both known and unknown;

d. Decreased credit score, which may deprive Plaintiff from future opportunities to obtain credit or employment.

## FIRST CAUSE OF ACTION
### [VIOLATIONS OF THE FAIR CREDIT REPORTING ACT]

39. Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in full in this cause of action.

40. Plaintiff is a "consumer" as this term is defined under FCRA, 15 U.S.C. Section 1681(a)(c). Defendant CHEX SYSTEMS is a "consumer reporting agency" as this term is defined under FCRA, 15 U.S.C. Section 1681(a)(f).

41. CHEX SYSTEMS has reported fraudulent accounts in chex systems reports under Plaintiff's name and has failed to take appropriate actions upon notice of the fraud.

42. Defendant has failed or refused, despite Plaintiff's letters, to acknowledge that the accounts are fraudulent and to block/delete the fraudulent accounts. Defendant willfully violated the provisions of the FCRA Section 605B (15 U.S.C. §1681c-2), which states as follows:

(a) *Block*. Except as otherwise provided in this section, a consumer reporting agency shall block the reporting of any information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft, not later than 4 business days after the date of receipt by such agency of--

(1) appropriate proof of the identity of the consumer;

(2) a copy of an identity theft report;

SECOND AMENDED VERIFIED COMPLAINT - 8

    **(3)** the identification of such information by the consumer; and

    **(4)** a statement by the consumer that the information is not information relating to any transaction by the consumer.

**(b)** *Notification.* A consumer reporting agency shall promptly notify the furnisher of information identified by the consumer under subsection (a)--

    **(1)** that the information may be a result of identity theft;

    **(2)** that an identity theft report has been filed;

    **(3)** that a block has been requested under this section; and

    **(4)** of the effective dates of the block.

**(c)** Authority to decline or rescind

    **(1)** *In general.* A consumer reporting agency may decline to block, or may rescind any block, of information relating to a consumer under this section, if the consumer reporting agency reasonably determines that--

        **(A)** the information was blocked in error or a block was requested by the consumer in error;

        **(B)** the information was blocked, or a block was requested by the consumer, on the basis of a material misrepresentation of fact by the consumer relevant to the request to block; or

        **(C)** the consumer obtained possession of goods, services, or money as a result of the blocked transaction or transactions.

    **(2)** *Notification to consumer.* If a block of information is declined or rescinded under this subsection, the affected consumer shall be notified promptly, in the same manner as consumers are notified of the reinsertion of information under section 1681i(a)(5)(B) of this title.

    **(3)** Significance of block. For purposes of this subsection, if a consumer reporting agency rescinds a block, the presence of information in the file of a consumer prior to the blocking of such information is not evidence of whether the consumer knew or should have known that the consumer

obtained possession of any goods, services, or money as a result of the block.

**(d)** Exception for resellers

   **(1)** *No reseller file*. This section shall not apply to a consumer reporting agency, if the consumer reporting agency--

      **(A)** is a reseller;

      **(B)** is not, at the time of the request of the consumer under subsection (a) of this section, otherwise furnishing or reselling a consumer report concerning the information identified by the consumer; and

      **(C)** informs the consumer, by any means, that the consumer may report the identity theft to the Commission to obtain consumer information regarding identity theft.

   **(2)** *Reseller with file*. The sole obligation of the consumer reporting agency under this section, with regard to any request of a consumer under this section, shall be to block the consumer report maintained by the consumer reporting agency from any subsequent use, if--

      **(A)** the consumer, in accordance with the provisions of subsection (a) of this section, identifies, to a consumer reporting agency, information in the file of the consumer that resulted from identity theft; and

      **(B)** the consumer reporting agency is a reseller of the identified information.

   **(3)** *Notice*. In carrying out its obligation under paragraph (2), the reseller shall promptly provide a notice to the consumer of the decision to block the file. Such notice shall contain the name, address, and telephone number of each consumer reporting agency from which the consumer information was obtained for resale.

**(e)** *Exception for verification companies*. The provisions of this section do not apply to a check services company, acting as such, which issues authorizations for the purpose of approving or processing negotiable instruments, electronic

fund transfers, or similar methods of payments, except that, beginning 4 business days after receipt of information described in paragraphs (1) through (3) of subsection (a) of this section, a check services company shall not report to a national consumer reporting agency described in section 1681a(p) of this title, any information identified in the subject identity theft report as resulting from identity theft.

**(f)** *Access to blocked information by law enforcement agencies.* No provision of this section shall be construed as requiring a consumer reporting agency to prevent a Federal, State, or local law enforcement agency from accessing blocked information in a consumer file to which the agency could otherwise obtain access under this title.

43. Defendant has reinserted and/or allowed the reinsertion of previously deleted fraudulent BOA account into chex systems report, which was initially deleted due to lack of verification from furnisher within the time allowed, and such reinsertion was made without notice to Plaintiff or confirmation of accuracy from furnisher. The reinsertion of the fraudulent BOA account constitutes as willful violation by Defendant of the FCRA Section 611 (15 U.S.C. §1681i(a)(5)(B)), which states as follows:

(B) Requirements Relating to Reinsertion of Previously Deleted Material.

(i) *Certification of accuracy of information.* If any information is deleted from a consumer's file pursuant to subparagraph(A), the information may not be reinserted in the file by the consumer reporting agency unless the person who furnishes the information certifies that the information is complete and accurate.

(ii) *Notice to consumer.* If any information that has been deleted from a consumer's file pursuant to subparagraph (A) is reinserted in the file, the consumer reporting agency shall notify the consumer of

SECOND AMENDED VERIFIED COMPLAINT - 11

        the reinsertion in writing not later than 5 business days after the reinsertion or, if authorized by the consumer for that purpose, by any other means available to the agency.

44. The Defendant willfully and negligently failed, in the preparation of the consumer report concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the chex systems report.

45. Defendant willfully and negligently failed to conduct an adequate investigation of Plaintiff's complaints and to correct, after receiving ample notice, information about the Plaintiff which Defendant knew, or should have known, was incomplete and/or inaccurate;

46. Defendant willfully and negligently failed to block and/or delete the fraudulent information in Plaintiff's file, upon notice of fraud and after conducting an investigation;

47. Plaintiff further alleges that Defendant has willfully violated FCRA with respect to Plaintiff and towards others similarly situated. Specifically, Defendant deliberately has inefficient procedures for correcting their credit files, because they know a certain number of consumers will either be intimidated or too frustrated to continuously fight back against the constant onslaught of incorrect reporting.

48. Plaintiff has a negative credit reporting on chex system reports as of the date of the commencement of this Second Amended Verified Complaint, which was due to identity theft, and he has been denied new checking and savings accounts because of the willful and negligent noncompliance actions and/or inactions of Defendant. Defendant has injured Plaintiff's reputation as a consumer and thereby his ability to qualify for new accounts.

49. As a proximate result of the actions of the Defendant, Plaintiff has been damaged in an amount which will be proven at time of trial. As provided under the cited laws, Plaintiff is entitled to actual damages, pain and suffering, punitive damages, penalties,

costs and attorney fees, and injunctive relief instructing permanent deletion of the fraudulent accounts.

50. Plaintiff invokes his right to this action for Defendant's civil liability for willful noncompliance provided under FCRA Section 616, 15 U.S.C. §1681n, which states as follows:

> "(a) Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of:
>
> (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000 or
>
> (2) such amount of punitive damages as the court may allow; and
>
> (3) in case of any successful action to enforce any liability under this section, the cost of the action together with reasonable attorney's fees as determined by the court."

51. Plaintiff invokes his right to this action for Defendant's civil liability for negligent noncompliance provided under FCRA Section 617, 15 U.S.C. §1681o, which states as follows:

> "(a)... any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of:
>
> (1) any actual damages sustained by the consumer as a result of that failure;
>
> (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court."

### SECOND CAUSE OF ACTION
### [VIOLATIONS OF THE CONSUMER CREDIT REPORTING AGENCIES ACT]

52. Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in full in this cause of action.

53. Plaintiff is a "consumer" as this term is defined under CCRAA, California Civil Code §1785.3(b). Defendant CHEX SYSTEMS is a "consumer credit reporting agency" as this term is defined under CCRAA, California Civil Code §1785.3(d).

54. Defendant as a consumer credit reporting agency has failed to follow reasonable procedures to assure maximum possible accuracy of the information reported in chex systems report concerning the Plaintiff.

55. Defendant has willfully and negligently failed to comply with CCRAA, California Civil Code §1785.16(k), which states as follows:

> **(k)** If a consumer submits to a credit reporting agency a copy of a valid police report, or valid investigative report made by a Department of Motor Vehicles investigator with peace officer status, filed pursuant to Section 530.5 of the Penal Code, the consumer credit reporting agency shall promptly and permanently block reporting any information that the consumer alleges appears on his or her credit report as a result of a violation of Section 530.5 of the Penal Code so that the information cannot be reported. The consumer credit reporting agency shall promptly notify the furnisher of the information that the information has been so blocked.

56. Defendant has further, willfully and negligently, failed to comply with CCRAA, California Civil Code §1785.16(c), which states as follows:

> **(b)** No information may be reinserted in a consumer's file after having been deleted pursuant to this section unless the person who furnished the information cetifies that the information is accurate. If any information deleted from a consumer's file is reinserted in the file, the consumer credit reporting agency shall promptly notify the consumer of the reinsertion in writing or, if authorized by the consumer for that purpose, by any other means available to the consumer credit reporting agency. As part of, or in addition to, this notice the consumer credit reporting

SECOND AMENDED VERIFIED COMPLAINT - 14

agency shall, within five business days of reinserting the information, provide the consumer in writing (1) a statement that the disputed information has been reinserted, (2) a notice that the agency will provide to the consumer, within 15 days following a request, the name, address, and telephone number of any furnisher of information contacted or which contacted the consumer credit reporting agency in connection with the reinsertion, (3) the toll-free telephone number of the consumer credit reporting agency that the consumer can use to obtain this name, address, and telephone number, and (4) a notice that the consumer has the right to a reinvestigation of the information reinserted by the consumer credit reporting agency and to add a statement to his or her file disputing the accuracy or completeness of the information.

57. Plaintiff invokes his right to this action for Defendant's civil liability for violations of this title provided under CCRAA, California Civil Code §1785.31, which states as follows:

(a) Any consumer who suffers damages as a result of a violation of this title by any person may bring an action in a court of appropriate jurisdiction against that person to recover the following:
   (1) In the case of negligent violation, actual damages, including court costs, loss of wages, attorney's fees and, when applicable, pain and suffering.
   (2) In the case of a willful violation:
   (A) Actual damages as set forth in paragraph (1) above:
   (B) Punitive damages of not less than one hundred dollars ($100) nor more than five thousand dollars ($5,000) for each violation as the court deems proper;
   (C) Any other relief that the court deems proper.
   [...]
(b) Injunctive relief shall be available to any consumer aggrieved by a violation or a threatened violation of

this title whether or not the consumer seeks any other remedy under this section.

58. Plaintiff is further entitled to damages pursuant to CCRAA, California Civil Code §1785.19, which states as follows:

(a) In addition to any other remedy provided by law, a consumer may bring an action for a civil penalty, not to exceed two thousand five hundred dollars ($2,500), against any of the following:

   (1) A person who knowingly and willfully obtains access to a file other than as provided in Section 1785.11.

   (2) Any person who knowingly and willfully obtains data from a file other than as provided in Section 1785.11.

   (3) A person who uses the data received from a file in a manner contrary to an agreement with the consumer credit reporting agency.

   Such an action may also be brought by the person or entity responsible for the file accessed. This remedy is in addition to any other remedy which may exist.

(b) If a plaintiff prevails in an action under subdivision (a) he or she shall be awarded the civil penalty, costs, and reasonable attorney fees.

### THIRD CAUSE OF ACTION

### [VIOLATIONS OF CALIFORNIA BUSINESS & PROFESSIONS CODE §17200]

59. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

60. Plaintiff is informed and believes and thereon alleges that Defendant committed unlawful, unfair, and/or fraudulent business practices, as defined by California Business and Professions Code section 17200, by engaging in the unlawful, unfair and fraudulent business practices alleged herein.

61. As a result of Defendant's wrongful conduct, Plaintiff has suffered various damages and injuries according to proof at trial.

62. Plaintiff seeks restitution, disgorgement of sums wrongfully obtained, costs of lawsuit and other reasonable fees associated with this case and for such other and further relief as the Court may deem just and proper.

## FOURTH CAUSE OF ACTION
### [VIOLATIONS OF CALIFORNIA CIVIL CODE §2394]

63. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

64. As alleged herein, Defendant, has made several representations to Plaintiff with regard to important facts, including claims that the account information furnished by CHASE was on multiple occasions properly investigated and verified by CHASE as complete and accurate.

65. The representations made by Defendant to Plaintiff, subject to this Complaint, were false and those misrepresentations were used to coerce Plaintiff to believe that the Defendant Chex Systems Inc had actually conducted reasonable investigation and was told by CHASE to keep the fraudulent reporting on the chex systems report. CHASE confirmed to Plaintiff that the account could not be located in their system and thereby could not have been verified as to its accuracy.

66. Defendant knew that the representations made to Plaintiff, as set forth herein, were false when the representations were made, or the subject representations were made with reckless disregard for the truth.

67. Defendant intended that Plaintiff rely on the false misrepresentations made by Defendant.

68. Plaintiff reasonably relied on said representations, in that Plaintiff believed that the statements, disclosures and representations made by Defendant were true and accurate.

69. As a result of Plaintiff's reliance, Grigoryan was harmed and suffered damages. Plaintiff's reliance on Defendant's false representations were substantial factors in causing Plaintiff's harm.

70. Defendant is guilty of malice, fraud or oppression, as defined in California Civil Code Section 2394, and Defendant's actions were malicious and done willfully, in conscious disregard of the rights and safety of Plaintiff, in that the actions were calculated to injure Plaintiff for the benefit and monetary gain of Defendant. As such, Plaintiff is entitled to recover, in addition to actual damages, punitive damages to punish Defendant and to deter future misconduct.

**PRAYER FOR RELIEF**

Plaintiff contends that Defendant willfully and negligently violated several consumer protection laws, as those described above, causing harm to Plaintiff's name as a consumer, depriving him of financial opportunities as well as actual monetary loss and emotional distress.
**WHEREFORE**, Plaintiff requests that judgment be entered in Plaintiff's favor and against Defendant,
  A. For damages both compensatory and statutory, and for fees and costs according to proof at trial;
  B. For exemplary damages in an amount sufficient to punish Defendant's wrongful conduct and deter future misconduct;
  C. For an order stating that Defendant engaged in unfair business practices, and for an order to stop such unlawful practices;
  D. For such other relief as the court deems just and proper.
**PLAINTIFF DEMANDS A JURY TRIAL.**

Date: December 21, 2011   By: _____
ARMEN GRIGORYAN, Plaintiff In Pro Se